Prior to this matter coming before former Deputy Commission Fuleihan on 10 October 1994, this case was before Deputy Commissioner Richard B. Ford, who filed an Interlocutory Opinion and Award 28 May 1992 determining that the Industrial Commission had jurisdiction over Defendants Cablevision of Raleigh and Travelers Insurance Company. Deputy Commissioner Ford then reset the matter for hearing to determine the compensable consequences of plaintiff's injury. Prior to being heard on the deputy level, defendants appealed to the Full Commission, which on 1 November 1993 filed an Opinion and Award affirming Deputy Commissioner Ford's decision. Defendants then appealed to the North Carolina Court of Appeals and plaintiff moved to have the appeal dismissed. On 4 April 1994, the Court of Appeals dismissed the appeal, returning this matter to the Full Commission which placed the matter before former Deputy Commissioner Fuleihan.
Plaintiff has moved to Dismiss defendants' appeal and/or to affirm former Deputy Commissioner Fuleihan's Opinion and Award.
After careful consideration, the Full Commission finds that plaintiff has shown good ground in support of his Motion and Plaintiff's Motion to Dismiss Defendants' Appeal is GRANTED IN PART. Therefore, Defendants' Appeal to the Full Commission from the Interlocutory Opinion and Award by Deputy Commissioner Richard B. Ford, filed 28 May 1992, the Full Commission Opinion and Award, filed 1 November 1993, and from former Deputy Commissioner Fuleihan's Order of 30 May 1995 is hereby DISMISSED. Plaintiff's Motion to Dismiss Defendants' appeal from former Deputy Commissioner Neil Fuleihan's Opinion and Award, filed 9 May 1995 and Amended on 10 May 1995, is DENIED. The Full Commission shall decide the outcome of that portion of Defendants' appeal on the merits.
The Full Commission has reviewed the prior Opinion and Award by former Deputy Commissioner Neil Fuleihan, filed on 9 May 1995 and Amended on 10 May 1995 based on the record of the proceedings before former Deputy Commissioner Fuleihan and the briefs and oral arguments on appeal. The appealing party has not shown good ground to reconsider the evidence, receive further evidence or to further amend this Opinion and Award.
* * * * * * * * * *
At the hearing before former Deputy Commissioner Fuleihan on 10 October 1994, a bound volume of medical records consisting of 46 pages and a letter from Dr. Robert J. Caudle to Charles R. Hassell, dated 16 June 1992, were entered into evidence by stipulation of the parties. Subsequent to that hearing, the parties submitted a two-page document entitled, "Stipulations" and a one-page report entitled "Final Disability Evaluation" which are made part of the evidentiary record. Also, the Interlocutory Opinion and Award by Deputy Commissioner Richard B. Ford, filed 28 May 1992, the Full Commission Opinion and Award, filed 1 November 1993, the Order of the Full Commission, filed 20 June 1994 and the Order of former Deputy Commissioner Fuleihan, filed 30 May 1995 are incorporated herein.
* * * * * * * * *
The Full Commission adopts the findings of fact found by former Deputy Commissioner Neil Fuleihan as follows:
FINDINGS OF FACT
1. As a result of his 14 March 1989 injury, plaintiff sustained a Grade III open fracture of the right tibia for which his primary medical treatment, including six surgeries the last of which was performed on 26 June 1992, has been rendered by Dr. Robert J. Caudle. Dr. Caudle's treatment of plaintiff was reasonably required as the result of plaintiff's 14 March 1989 injury.
2. As a result of the 14 March 1989 injury, plaintiff, who was unable to walk without the aid of crutches on 5 May 1990, sustained an injury to his left hand consisting of a fracture of the PIP joint in his left middle finger when his crutches slipped and his right leg gave way due to pain and he fell on his left hand. This medical treatment for plaintiff's left hand injury was reasonably required as the result of his 14 March 1989 injury.
3. Plaintiff reached the end of the healing period from his 14 March 1989 injury and resulting surgeries on or about 7 August 1992.
4. Subsequent to reaching the end of the healing period from his 14 March 1989 injury and resulting surgeries plaintiff has continued to experience episodes of extreme pain in his right leg for which he continued to, and will continue to require medical treatment as the result of his 14 March 1989 injury.
5. As a result of his 14 March 1989 injury and resulting surgeries, plaintiff was unable to earn any wages in any employment from 14 March 1989 until 1 January 1994, the date the parties stipulated that plaintiff returned to work at the same or greater wages than he was earning on 14 March 1989.
6. On 29 November 1994, plaintiff was evaluated by Dr. Caudle as to permanent partial impairment of his right leg, at which time plaintiff retained a 20 percent permanent partial impairment of his right leg as a result of his 14 March 1989 injury and resulting surgeries.
* * * * * * * * * * * *
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. As a result of his 14 March 1989 injury by accident and resulting surgeries, plaintiff is entitled to temporary total disability compensation at the rate of $240.00 per week for the period from 14 March 1989 to 1 January 1994. G.S. § 97-29.
2. As a result of his 14 March 1989 injury by accident and resulting surgeries, plaintiff sustained a 20 percent permanent partial impairment of his right leg for which he is entitled to 40 weeks of compensation at the rate of $240.00 per week. G.S. §97-31(15).
3. Plaintiff is entitled to have defendants Cablevision of Raleigh and Travelers Insurance Company pay all medical expenses incurred, or to be incurred, by plaintiff as a result of his 14 March 1989 injury by accident, including treatment for plaintiff's 5 May 1990 injury to his left hand. G.S. § 97-25.
* * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner, as amended on 10 May 1995, and enters the following:
AWARD
1. Subject to a reasonable attorney's fee hereinafter approved, defendants Cablevision of Raleigh and Travelers Insurance Company shall pay plaintiff, on account of his temporary total disability, compensation at the rate of $240.00 per week from 14 March 1989 to 1 January 1994. Said compensation having accrued, it shall be paid to plaintiff in a lump sum.
2. Subject to a reasonable attorney's fee hereinafter approved, defendants Cablevision of Raleigh and Travelers Insurance Company shall pay plaintiff, on account of his permanent partial disability to his right leg, compensation at the rate of $240.00 per week. This compensation shall be paid in a lump sum.
3. A reasonable attorney's fee in the amount of 25 percent of the compensation due plaintiff under the above Award is hereby approved for counsel for plaintiff. This fee shall be deducted from the lump sum amounts owed to plaintiff and paid directly to plaintiff's attorney.
4. Defendants Cablevision of Raleigh and Travelers Insurance Company shall pay all medical expenses incurred, or to be incurred, as a result of plaintiff's 14 March 1989 injury by accident, including medical expenses incurred for plaintiff's 5 May 1990 injury to his left hand.
5. Defendants Cablevision of Raleigh and Travelers Insurance Company shall pay all costs, including an expert witness fee in the amount of $220.00 to Dr. Robert J. Caudle for time expended in reviewing his medical records in anticipation of providing expert medical testimony by way of deposition.
 S/ _________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ _________________ DIANNE C. SELLERS COMMISSIONER
S/ _________________ COY M. VANCE COMMISSIONER